UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ANDREW HOUSTON POINTER,<br><br>Defendant. | CASE NO. CR08-5604RJB<br><br>ORDER DENYING DEFENDANT'S POINTER'S MOTION FOR REDUCED SENTENCE |

This matter comes before the court on the defendant Pointer's Motion to Reduce Sentence (Dkts. 141 & 144). The court is familiar with the records and files herein and all documents filed in support of and in opposition to the motion. The court has also reviewed the transcript of the sentencing proceeding; the Presentence Report; and the Statement of Reasons. The court has directed that the latter two documents be filed under seal, since they are ordinarily not part of the court file.

Mr. Pointer was sentenced to 108 months in prison pursuant to a Federal Rule of Criminal Procedure 11(c)(1)(C) plea agreement (Dkt. 114) following his plea of guilty to a charge of Possession With Intent To Distribute Cocaine Base (Count 1 of the Superseding Information, Dkt. 113). At the time of his sentencing, his guideline range, as determined by the court, was 130 to 162 months. Amendments to the crack cocaine sentencing guidelines reduced

1  the guideline range in the defendants' case to 92 to 115 months.  The defendant here seeks a

2  reduction in his sentence pursuant to the authority of 18 U.S.C. § 3582(c)(2).

3      18 U.S.C. § 3582(c)(2) provides as follows:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(*o*), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

    The threshold question in this case is whether the defendant's term of imprisonment was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . ."  Unfortunately for the defendant, and possibly unfortunately for the cause of justice, an analysis of the Supreme Court's opinions in *Freeman v United States*, 131 S. C. 2685 (2011), indicates that the defendant's term of imprisonment was not "based on" his guideline sentencing range.

    Counsel for both parties to this case agree that *Freeman* is controlling and further agree that it is Justice Sotomayor's concurring opinion that must be followed by the court in this case.  That opinion sets out the task before the court:  "[I]n applying § 3582(c)(2), a court must discern the foundation for the term of imprisonment imposed by the sentencing judge."  *Freeman*, 131 S. Ct. at 2695.  The record herein clearly indicates that the undersigned considered the Sentencing Guidelines in determining to accept the plea agreement.  As was stated in the *Freeman* concurrence, "In the (C) agreement context, therefore, it is the binding plea agreement that is the foundation for the term of imprisonment to which the defendant is sentenced."  *Freeman*, 131 S. Ct. at 2696.  "Allowing district courts later to reduce a term of imprisonment simply because the court itself considered the Guidelines in deciding whether to accept the

agreement would transform § 3582(c)(2) into a mechanism by which courts could rewrite the terms of (C) agreements in ways not contemplated by the parties." *Id*. "By the same token, the mere fact that the parties to a (C) agreement may have considered the Guidelines in the course of their negotiations does not empower the court under § 3582 (c)(2) to reduce the term of imprisonment they ultimately agreed upon . . . ." *Id*. at 2697.

This case is distinguishable from *Freeman* in that Freeman's plea agreement indicated that the parties agreed to have the sentence "determined pursuant to the Sentencing Guidelines." *Id*. at 2699. In defendant Pointer's case, his sentence was not in any way directed by or directly related to the Sentencing Guidelines. The Guidelines were only one consideration before the parties in reaching the plea agreement, and they were only one consideration of the court in determining to accept the plea agreement. Under the ruling of the *Freeman* case, Pointer's sentence was not "based on the Guidelines." This court simply has no authority to modify the defendant's sentence pursuant to U.S.C. § 3582(c)(2). Defendant Pointer's Motion to Reduce Sentence (Dkt. 44) must be **DENIED**.

**IT IS SO ORDERED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address. The Clerk is further directed to file the transcript of the May 7, 2010 sentencing proceedings; and to file the Presentence Report and the Statement of Reasons under seal.

Dated this 24th day of February, 2012.

*/s/ Robert J. Bryan*
ROBERT J. BRYAN
United States District Judge